## Richmond

STORK DIAPER SERVICE, INCORPORATED V. CITY OF RICHMOND.

April 27, 1970.

Record No. 7069.

Present, I'Anson, Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Stuart L. Williams; Miles Cary, Jr.* (*Hirschler and Fleischer*, on brief), for plaintiff in error.

*William L. Wimbish, Assistant City Attorney*, for defendant in error.

GORDON, J., delivered the opinion of the court.

In computing license taxes paid to the City of Richmond for 1964-1967, Stork Diaper Service, Incorporated did not include any of its gross receipts from customers in Chesterfield and Henrico Counties. The City brought this action against Stork to recover $1,584.66, the additional amount payable if those gross receipts are included. The trial court entered judgment for the City in the amount sued for, and Stork appeals.

The City ordinances require Stork to include in the tax base for the City license tax all its gross receipts from customers inside and outside the City. Richmond, Va., Code §§ 35-97, -208 (1963). The issue is whether a State statute, Code § 58-266.5,[1] permits Stork to

---

[1] Code § 58-266.5 provides:

"(a) . . . the situs for the local license taxation for any licensable business, trade,

deduct from the City license tax base all gross receipts from customers in Chesterfield and Henrico Counties.

Based on a stipulation, the trial court made the following findings of fact:

"Stork has, for a number of years, been engaged in the business of supplying diapers upon a rental basis to individual customers and institutions, such as hospitals, in Richmond and surrounding counties. Stork's place of business is physically located in the City of Richmond but it services customers in Henrico, Chesterfield and other neighboring counties. Such service consists of the furnishing and delivery to customers, upon request, of freshly laundered diapers owned by Stork and replacing them with a fresh supply when soiled, returning the soiled ones to its place of business in Richmond for processing. All processing of the diapers for reuse takes place in the Richmond plant, as does all other of Stork's business, with the exception of the delivery and pick up of rented items to and from Stork's customers outside the City. Henrico and Chesterfield Counties have been assessing Stork

---

occupation or calling, shall be the city, town or county (hereinafter called 'locality') in which the person so engaged has a definite place of business or maintains his office; provided, however, that if any such person has a definite place of business or maintains an office in any other locality, then such other locality may impose a license tax on him, provided such other locality is otherwise authorized to impose a local license tax with respect thereto.

"(b) (i) Where a local license tax imposed by *any such other locality* is measured by volume, the volume on which the tax may be computed shall be the volume attributable to the business, trade, occupation or calling in such other locality. All volume attributable to the business, trade, occupation or calling in *any such other locality* which levies a local license tax thereon shall be deductible from the base in computing any local license tax measured by volume imposed on him by the locality in which the first-mentioned definite place or office is located. . . .
" * * *

"(e) This section shall not be construed as prohibiting * * * any locality from imposing a local license tax * * * on any business * * * where principal and essential acts constituting the doing of such business * * * take place in such locality, although the person may have a definite place of business or an office in another locality * * * .

"(g) The term 'principal and essential acts constituting the doing of such business * * * ,' as used in this section, includes the collection from customers of articles on which work is to be done by such collector at a definite place of business, even though located in some other locality, and it includes the delivery to customers of articles on which work has been done by such deliverer at a definite place of business, even though located in some other locality." Va. Code Ann. § 58-266.5 (Repl. vol. 1969) (emphasis supplied).

for a license tax upon that part of its business represented by diapers furnished customers resident of or located in their respective counties. City's challenged assessment [the additional assessment for 1964-1967] would include this part of Stork's business in gross receipts upon which the city license assessment is based."

Only paragraph (b) of Code § 58-266.5, *supra* n. 1, provides for the *deduction* of gross receipts attributable to business in another locality from the license tax base of the locality where the licensee has a place of business or office. And paragraph (b) is not by its terms applicable to Stork's case because paragraph (b) applies only to licensees who have places of business or offices in more than one locality. Nevertheless, both Stork and the City interpreted § 58-266.5 as requiring Richmond to exclude from its license tax base all gross receipts that are properly includable in the Chesterfield and Henrico license tax bases.

So Stork and the City argued in the trial court only the question whether paragraphs (e) and (g) of § 58-266.5 authorized Chesterfield and Henrico Counties to assess license taxes based upon Stork's gross receipts from customers in those Counties. The trial court held that Stork did not perform principal and essential acts constituting the doing of business in those Counties, within the meaning of paragraphs (e) and (g).[2] Accordingly, the court entered judgment for the City.

In their briefs and oral argument before us, Stork and the City joined issue on the same question presented to the trial court, whether Chesterfield and Henrico Counties can assess license taxes based upon Stork's gross receipts from customers in those Counties. Because of our uncertainty whether Stork could prevail even if that question were answered "yes", we called for supplemental briefs directed to the following question: Does Code § 58-266.5 forbid the City from including all of Stork's gross receipts in the City license

---

[2] Paragraph (g) of Code § 58-266.5, *supra* n. 1, defines *principal and essential acts constituting the doing of business in a locality* only by describing what those acts include: the collection of articles from customers in that locality "on which work is to be done" and the delivery of articles to customers in that locality "on which work has been done". The trial judge held that the articles referred to in paragraph (g) are only articles having a fixed situs in a locality that are removed temporarily to another locality where the licensee has a place of business so that work may be done on them there. In view of our disposition of the case, we do not reach the question decided by the trial court.

tax base, whether or not the County of Chesterfield or Henrico can include part of the same receipts in its tax base?[3]

In its supplemental brief, Stork recognizes that paragraph (b) of Code § 58-266.5, the only paragraph that requires any deduction of gross receipts from a city's or county's license tax base, is not applicable to Stork because it has a place of business or office only in the City of Richmond. Stork argues, however, that § 58-266.5, read as a whole, evidences the legislative intent to forbid multiple taxation of the same gross receipts, whether or not a licensee has more than one place of business or office.

Changing its previous position, the City contends in its supplemental brief that § 58-266.5 does not forbid multiple taxation of the same gross receipts where a licensee has only one place of business or office.

Either by legislative advertence or inadvertence, Code § 58-266.5 contains no provision that permits a licensee like Stork, which has a place of business or office only in the City of Richmond, to exclude any of its gross receipts from the City's license tax base. We cannot supply a provision that was not enacted by the General Assembly. For these reasons, the judgment is

*Affirmed.*

---

[3] We granted leave to the Counties of Chesterfield and Henrico to file, if they so desired, briefs directed to the same question. Neither County filed a brief.